UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LORENZO MORENO, | Case No. 3:22-cv-00374-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES GOVERNMENT, | |
| Defendant. | |

*Pro se* Plaintiff Lorenzo Moreno brings this action against Defendant under 42 U.S.C. § 1983. (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 3), recommending that the Court grant Moreno's application to proceed *in forma pauperis* (ECF No. 1 ("IFP Application")), and dismiss the case because Moreno failed to state any colorable claims in his Complaint (ECF Nos. 1-1, 3). Moreno's objection to the R&R was due September 7, 2022. To date, no objection has been filed.[1] For this reason, and as explained below, the Court adopts the R&R in full.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas*

---

[1]The Court notes that Moreno filed a letter on September 8, 2022, stating that he did not want to proceed *in forma pauperis*, and requesting the appointment of two attorneys to help him with his Complaint. The Court will grant his IFP Application, so Moreno does not need to pay the filing fee. The Court denies Moreno's request for counsel, since he failed to articulate any colorable claims in his Complaint. However, to the extent Moreno is struggling to navigate his lawsuit *pro se*, he can find resources at https://www.nvd.uscourts.gov/self-help/representing-yourself-assistance/.

*v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there was no objection to the R&R, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. To start, Moreno's IFP Application will be granted because he is unable to pay the filing fee. (ECF Nos. 1, 3.) *See* 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Second, Judge Baldwin correctly found that Moreno's Complaint is incomprehensible, confusing, and contains conclusory and vague statements. (ECF Nos. 1-1, 3.) The Court is unable to identify the legal or factual basis for his claims, and the relief sought. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . [and] a demand for the relief sought"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the Court will adopt Judge Baldwin's R&R in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

It is further ordered that Moreno's IFP Application (ECF No. 1) is granted.

The Clerk of Court is directed to file the Complaint (ECF No. 1-1).

The Clerk of Court is directed to send Moreno a copy of (1) this order and (2) the § 1983 civil rights complaint packet (inmate).

It is further ordered that this case is dismissed without prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 19th Day of September 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE